**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LAWRENCE NISKEY
631 W. Glenwood Avenue
Easton, MD 21601

Plaintiff,

v.

JANET NAPOLITANO,
SECRETARY,
U.S. Department of Homeland Security,

Defendant.

Civil Action No.

JURY DEMANDED

# COMPLAINT

COME NOW the Plaintiff, Lawrence Niskey, by and through his attorney, The Law Office of Gerald L. Gilliard, Esq., LLC, and states to the Court as follows:

## PARTIES

1. Plaintiff Lawrence Niskey is an adult African-American male U.S. citizen. Plaintiff was an IT Specialist (INFOSEC) GS-2210-13, National Communications Systems ("NCS")/Critical Infrastructure Protection Division, Defense Information Security Agency, Department of Defense ("DISA/DOD"), before his removal in 2007.

2. Defendant Janet Napolitano is Secretary of the Department of Homeland Security ("DHS"), an agency of the United States government. Ms. Napolitano is the head of DHS and is responsible for the personnel actions, omissions, and practices thereof. Thus, Ms. Napolitano is here sued in her official capacity as the head of DHS.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, specifically 42 U.S.C. § 2000c-16(c) and 29 U.S.C. § 633a based on 28 U.S.C. §§ 1331, 1332(a)(1), and 1343.

4. Venue is proper under 28 U.S.C. § 1391 in the U.S. District Court for the District of Columbia because the defendant is headquartered in the District of Columbia.

5. On May 17, 2013, EEOC denied Plaintiff's request for reconsideration and granted him the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days of receiving the decision.

**FACTS GIVING RISE TO RELIEF**

6. Plaintiff, a member of a protected class (African-American), worked in the position of IT Specialist (INFOSEC) GS-2210-13, NCS/Critical Infrastructure Protection Division. NCS was within DISA/DOD before it became a part of DHS.

7. In April 2002, Plaintiff realized that NCS employee Anthony Cheng and others outside his protected class were absent from work for weeks, while other similarly situated employees were not granted leave under similar circumstances.

8. In August 2002, Plaintiff engaged in Equal Employment Opportunity ("EEO") protected activity when he complained to his supervisors, John O'Connor and Fred Herr, about the disparate treatment in granting leave.

9. Shortly after, the Plaintiff's work came under increased scrutiny and he was warned by colleagues to be careful, because he was being "set up."

10. On the morning of September 11, 2002, Plaintiff called his supervisor to request three to four hours of emergency leave because his rental car was stolen, which he later learned was towed by his condo association. His next-in-line supervisor, Carl Law, received the call and told him he had been designated AWOL (Absent Without Leave).

11. Upon obtaining a replacement car, Plaintiff called his supervisor, John O'Connor, at 1:00 P.M. to tell him that he was on his way to work, but Plaintiff was told to stay home and come in the next day.

12. On September 12, 2002, Plaintiff received notice that his access to classified information was being suspended because of his unauthorized absence.

13. On that same day, September 12, 2002, Plaintiff contacted EEO Counselor Allison Stafford at DISA/DOD, an EEO protected activity, to complain that the suspension was rooted in discriminatory animus and in retaliation for his August complaint. Plaintiff was told the DISA Human Resources Office would get back in touch with him, but they never did.

14. In October 2002, Plaintiff sent a letter disclosing the wrongdoing to EEOC headquarters in Washington, D.C.

15. On March 1, 2003, Plaintiff's personnel files were transferred to the newly formed DHS when NCS became a part of DHS.

16. On March 20, 2006, Plaintiff's security clearance was revoked.

17. On April 8, 2006, Plaintiff appealed the security clearance revocation.

18. On April 11, 2006, Plaintiff sent a letter by certified mail to DHS Personnel Security Division Kenneth Zawodny requesting an oral hearing.

19. On April 17, 2006, Plaintiff sent a letter by certified mail to DHS Chief Security Officer Dwight Williams requesting an oral hearing, but never received a response.

20. DHS never informed Plaintiff of an oral hearing scheduled for April 26, 2007.

21. In May 2007, Plaintiff's security clearance revocation was affirmed.

22. On August 24, 2007, Plaintiff e-mailed and faxed a letter to Sallie McDonald, NCS Director, in response to a notice of proposed removal.

23. On August 31, 2007, Plaintiff was removed from his position for not having a security clearance.

24. On September 6, 2007, Plaintiff e-mailed a letter to Nicole Heiser, Attorney, Advisor for Labor & Employment, DHS Office of General Counsel, in response to the removal.

25. Unfamiliar with the complaint process, Plaintiff unsuccessfully appealed the removal with the Merit Systems Protection Board.

26. In November 2009, Plaintiff contacted the EEOC Washington Field Office and was instructed to file a formal complaint with Michelle Ross at the DHS EEO Office. Plaintiff was told the time limit for filing would be equitably tolled because he did not work at DHS and he did not know the EEO process.

27. In 2010, Plaintiff filed a formal complaint with EEOC.

28. DHS found no unlawful termination on the grounds that Plaintiff failed to contact a DHS EEO counselor within 45 days of the event.

29. On May 17, 2013, EEOC denied Plaintiff's request for reconsideration and thereby affirmed the DHS decision.

30. The Plaintiff was unlawfully denied leave, suspended without pay, and later removed from his position by the Defendant because of his race and in reprisal based on EEO activity, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e-e17, and as further amended by § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

31. As a direct and proximate result of the unlawful acts of Defendant, Plaintiff Niskey suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation, and mental distress as described more fully in the counts below.

**COUNT I – DISCRIMINATION**

32. The averments of paragraphs 1 – 31 are incorporated as if fully set forth herein.

33. Title VII of the Civil Rights Act of 1964 assures protection from disparate treatment in the workplace.

34. In April 2002, NCS implemented a leave policy that unlawfully discriminated against minority employees, including Plaintiff.

35. On September 11, 2002, Plaintiff was not granted 3-4 hours of emergency leave at a time when similarly situated employees were granted leave under similar circumstances.

36. NCS discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e-e17, and as further amended by § 102 of the Civil Rights Act of 1991,

42 U.S.C. § 1981a, and the Plaintiff has been damaged thereby through economic losses, lost promotional and bonus opportunities, with attendant loss of pay and other benefits associated with promotions, bonuses and awards for exceptional performance, damage in the form of emotional distress, pain and suffering, which adversely affected his enjoyment of life, and ultimately, led to the termination of his NCS career, and additionally, personal and professional humiliation.

**COUNT II – RETALIATION**

37. Plaintiff incorporates by references Paragraphs 1 – 36 as if fully set forth herein.

38. Plaintiff engaged in activities protected by law, namely, complaining to his supervisor, John O'Connor, about the discriminatory leave policy at NCS, and initiating contact with an EEO Counselor on September 12, 2002.

39. NCS and its employees took adverse employment actions against the Plaintiff in direct response to his complaint to supervisor John O'Connor. Plaintiff was suspended without pay as a result of his complaint and his opposition to the discriminatory leave policy at NCS.

40. NCS and its employees took adverse employment actions against the Plaintiff in direct response to his initiation of contact with an EEO Counselor on September 12, 2002. Plaintiff's security clearance was revoked and he was removed from his position as a result of his contact with an EEO Counselor on September 12, 2002.

41. DHS did not provide Plaintiff with an opportunity to personally appear before an adjudicative or other authority to contest his security clearance revocation as required by Executive Order 12968.

42. DISA and its employees retaliated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e-e17, and as further amended by § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff has been damaged thereby through economic losses, lost promotional and bonus opportunities, with attendant loss of pay and other benefits associated with promotions, bonuses and awards for exceptional performance, damage in the form of emotional distress, pain and suffering, which adversely affected his enjoyment of life, and ultimately, led to the termination of his DISA career, and additionally, personal and professional humiliation.

**REQUEST FOR RELIEF**

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Court:

1. Enter judgment on his behalf against Defendant;

2. Award Plaintiff lost past and future earnings, compensatory damages, and other damages;

3. Instate Plaintiff into an IT Specialist (INFOSEC) GS-2210-13 position or a comparable position, with all attendant benefits, and award front pay until Defendant instates Plaintiff into the position in question or a comparable position

4. Award Plaintiff his court costs, expenses, attorneys' fees, prejudgment interest and post-judgment interest;

5. Declare that Defendant's conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq*.

6. Grant such other relief as this Court deems just and proper.

THE LAW OFFICE OF GERALD L. GILLIARD, ESQ., LLC

__/s/ Gerald L. Gilliard_______
Gerald L. Gilliard, #497726
1629 K Street, N.W., Suite 300
Washington, D.C. 20006
Tel. (202) 827-9753
Fax. (202) 478-1783
E-mail: ggilliard@employmentlegalteam.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, August 20, 2013, I electronically caused to be filed the foregoing with the Clerk of Court using the CM/ECF system.

__/s/ Gerald L. Gilliard_______

JURY DEMAND

Plaintiff demands a trial by jury on all issues contained herein.

THE LAW OFFICE OF GERALD L. GILLIARD, ESQ., LLC

/s/ Gerald L. Gilliard
Gerald L. Gilliard, #497726
1629 K Street, N.W., Suite 300
Washington, D.C. 20006
Tel. (202) 827-9753
Fax. (202) 478-1783
E-mail: ggilliard@employmentlegalteam.com

*Attorney for Plaintiff*