UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE NISKEY,

    Plaintiff,

        v.

JEH JOHNSON,
Secretary, Department of Homeland
Security,

    Defendant.

Civil Action No. 13-1269 (JDB)

# ORDER

On September 29, 2014, this Court granted the government's motion to dismiss Lawrence Niskey's Title VII complaint. Less than three weeks later, Niskey [27] wrote to the Court, reiterating many of his original arguments. The Court will construe Niskey's letter as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). See Civil Statement from Pl. [ECF No. 27] at 4 ("I am requesting the Court reconsider [its] decision to dismiss this case . . . ."); see also SEC v. Bilzerian, 729 F. Supp. 2d 9, 12 (D.D.C. 2010) ("If a person files a motion for reconsideration within twenty-eight days of the judgment or order of which he complains, courts consider it a Rule 59(e) motion; otherwise, they treat it as a Rule 60(b) motion."). "Motions under Rule 59(e) are disfavored and the moving party bears the burden of establishing extraordinary circumstances warranting relief from a final judgment." Halim v. Donovan, 951 F. Supp. 2d 201, 203 (D.D.C. 2013) (internal quotation marks and citation omitted).

Much of Niskey's motion focuses on the substance of his complaint—irrelevant here, as the Court predicated its ruling on the finding that Niskey had failed to exhaust his administrative remedies. See generally Sept. 29, 2014 Mem. Op. [ECF No. 26]; see also Slate v. Am. Broad. Cos., --- F. Supp. 2d ---, 2013 WL 6713178, at *2 (D.D.C. Dec. 20, 2013) ("[L]itigants may not use Rule 59(e) either to repeat unsuccessful arguments or to assert new but previously available arguments."). Indeed, only one of Niskey's renewed arguments goes to the question of exhaustion: he argues that Title VII's administrative exhaustion requirements are not jurisdictional in nature. Quite so—and the Court recognized that in its memorandum opinion. See Mem. Op. at 4. But that fact simply means that the requirement is subject to equitable tolling and estoppel. See id. And Niskey presents no reason to reconsider the Court's decision that equitable tolling is inappropriate in this case. See id. at 6.

Hence, upon consideration of plaintiff's motion for reconsideration, the applicable law, and the entire record herein, it is hereby

**ORDERED** that [27] plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: October 22, 2014